COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


FAIRFAX COUNTY SCHOOL BOARD

v.          Record No. 0060-95-4          MEMORANDUM OPINION[*]
                                               PER CURIAM
RONALD ROBERT WISNIEWSKI                    JUNE 27, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Michael N. Salveson; Hunton & Williams, on brief),
     for appellant.

          (Lawrence J. Pascal; Ashcraft & Gerel, on brief),
          for appellee.


     Fairfax County School Board (employer) contends that the

Workers' Compensation Commission (commission) erred in finding

that the employer failed to prove that Ronald Robert Wisniewski

(claimant) was able to return to his pre-injury work as an art

teacher as of January 5, 1993.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appellate review, we view the evidence in the light most

favorable to the prevailing party below.  R.G. Moore Bldg. Corp.

v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of an award on the ground of

change in condition, the burden is on the party alleging such

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that the employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying the employer's change in condition application and in finding that the employer failed to prove that claimant was released to return to his pre-injury work as of January 5, 1993, the commission found as follows:

> Both Drs. [James W.] Preuss and [Joyce E.] Paulk limit the claimant to lifting no more than 20 pounds. Similarly, both report that he can stand for no more than four hours per day, with no bending or twisting. All of these limitations are inconsistent with the job requirements reported by Dim and the claimant. While Dr. Preuss did initially note a 25-pound lifting restriction, that restriction was changed to 20 pounds shortly thereafter, which has been consistently adhered to by both health care providers. We also note that the last functional capabilities evaluation, completed four months before Dr. Preuss' recommendation of January 5, 1993, also reflects a 20-pound lifting restriction.

The commission's findings with respect to claimant's restrictions are supported by the medical records and opinions of

2

Drs. Paulk and Preuss rendered in March and June 1993.[1]  In addition, the commission's finding that claimant's job duties fell outside of these restrictions is supported by the testimony of claimant and of Dim, a coworker.  Therefore, we are bound by these findings.  On appeal, this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Based upon this record, we cannot say as a matter of law that the employer's evidence sustained its burden of proof.  Accordingly, we affirm the commission's decision.

Affirmed.

---

[1]The August 11, 1992 Physical Tolerance Form reflected that the claimant could lift twenty pounds on a frequent basis and a maximum of twenty-eight pounds on an occasional basis.  From this evidence, the commission inferred that, "the last functional capabilities evaluation, completed four months before Dr. Preuss' recommendation of January 5, 1993, also reflects a 20-pound lifting restriction."  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).